(No. 2702— ▆▆▆▆▆▆▆▆)

B. G. BUMGARDNER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1937.*

TOWNLEY & HALL, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed on July 17, 1936, for alleged damages sustained by the claimant, who was engaged in the wholesale fish business with his principal office at Waterville, Minnesota. Claimant alleges that he was making weekly deliveries of fish into the State of Illinois, and that on the 8th day of May, 1935, at Pekin, Illinois, one Willard Peterson, who was at said time in the employ of claimant, was arrested by Guy G. Derry of Peoria, for the alleged violation of the game laws of Illinois, pertaining to the wholesaling of fish; that at the time of making the arrest, Derry seized and confiscated 360 pounds of dressed bullheads of the value of 14c per pound and 1,000 pounds of live snapping turtles, of the value of 4c per pound, the property of claimant and in the possession of said Peterson.

Claimant further avers that he shipped the said fish and turtles to Peterson from the State of Minnesota and that they were of the total value of $90.40.

Claimant further avers that Peterson was arrested and taken into court at Peoria, Illinois, before Judge Joseph Day, where he was assessed a fine in the sum of $15.00, and costs of $2.50, or a total of $17.50, and that Peterson paid the same, and that the claimant refunded that amount to Peterson.

Claimant further alleges that he is informed and believes that said arrest was made on the alleged grounds that neither claimant nor Peterson had a license to sell and deliver fish in the State of Illinois; and claimant further alleges that after said arrest, he made an application to the Illinois Game and Fish Department for the necessary license and tendered his check for $25.00 in payment of the same, which check was returned to him with a letter advising him that the fish which he handled were from waters entirely outside the jurisdiction of the State of Illinois, and their identity could be established, and that he would not be required to take out a license to ship fish so taken outside of the State; that the license law only applied to wholesale fish dealers who were selling, shipping and otherwise handling fish from waters under the jurisdiction of the State of Illinois. Claimant then avers that the arrest and confiscation were illegal and unlawful, and that he was not required to take out a license to sell and deliver fish in the State of Illinois.

Motion to dismiss was made by the Attorney General, and assuming all the facts to be true, the motion must be sustained for the reason that the State is not liable under the doctrine of *respondeat superior* for the wrongful acts of its employees in the performance of governmental functions. (*Minear* vs. *State Board of Agriculture*, 259 Ill. page 549.) This doctrine is so well established that it does not require any further citation of authority.